**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| KRISTEN FAY | : | Civil Action No.: |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP, WSE | : | |
| MANAGEMENT, LLC, and WAL-MART | : | |
| ASSOCIATES, INC. | : | |
|     Defendants | : | APRIL 29, 2020 |

## **NOTICE OF REMOVAL**

To the United States District Court for the District of Massachusetts:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants Wal-Mart Stores East, LLP, WSE Management, LLC, and Wal-Mart Associates, Inc. (collectively, "Defendants") respectfully remove this action from the Hampden County Superior Court to the United States District Court for the District of Massachusetts, and as grounds therefore states as follows:

### **Commencement of Action in State Court**

1. Plaintiff Kristen Fay commenced an action against Defendants in the Hampden County Superior Court, by service of a Summons dated March 26, 2020 and Complaint dated January 23, 2020. Plaintiff served a copy of the Summons and Complaint upon Defendants on or after April 1, 2020. The case was assigned Civil Action No. 20 0070 in the records and files of Hampden County Superior Court ("State Court Action"). Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C.

§ 1446(b), in that it is filed within thirty (30) days after April 1, 2020, the first date on which any of the Defendants were provided with any pleading or other paper in this matter, and the case has been on file for less than one year.  Pursuant to 28 U.S.C. § 1446(a), Defendants hereby attach the Summons and Complaint hereto at <u>Exhibit A</u>.

### **Nature of Claims and Jurisdiction**

2. The State Court Action is a suit of a wholly civil nature of which the United States District Court for the District of Massachusetts has jurisdiction under 28 U.S.C. § 1331 and § 1332.

3. In the State Court Action, Plaintiffs alleges that she was discriminated against in unlawfully discharged from her employment in violation of state and federal law.  In the State Action, among other things, Plaintiff demands back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees and interest and costs.  Specifically, Plaintiff alleges a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2615, and Massachusetts state law, M.G.L.c.151B.  This Court has original jurisdiction over the claims brought under federal law and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).  This action may therefore be removed to his Court pursuant to 28 U.S.C. §§ 1331 and 1441.

4. In addition, there is diversity between the parties and the amount in controversy is over $75,000.  Therefore, this Action may also be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

5.      Here, Plaintiff is an individual residing in the State of Massachusetts and whose place of employment was Massachusetts.  (See Exhibit A).  Accordingly, Plaintiff is a citizen of Massachusetts.

6.      Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, in which WSE Management, LLC, a Delaware corporation, is the general partner.  Wal-Mart Associates, Inc. is a Delaware corporation.  All of the Defendants have their principal place of business in Arkansas.  Accordingly, the Defendants are citizens of the states of Delaware and Arkansas for purposes of 28 U.S.C. § 1332 (a)(1).

7.      As such, there is complete diversity between the Plaintiff and all the Defendants.

8.      Plaintiff asserts claims under state and federal law, which each provide for various monetary remedies, including: back pay, emotional distress damages, punitive damages, and attorney's fees.  Back pay continues to accrue during the pendency of the litigation.  Based upon the remedies available to a prevailing plaintiff under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the Family and Medical Leave Act (29 U.S.C. § 2615), and M.G.L.c.151B, it is reasonably anticipated that the total amount in controversy exceeds $75,000, exclusive of interest and cost.  28 U.S.C. 1446(c).

## Venue

9.      The District of Massachusetts is the proper venue for removal pursuant to 28 U.S.C. 1441(a) because the action is pending in the Hampden County Superior Court,

located within the District of Massachusetts, and the actions which give rise to this matter occurred in the State of Massachusetts.

### Notice

10. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Hampden County Superior Court. A copy of Defendants' Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

### Basis for Removal

11. Based on the foregoing, this action is properly removable under 28 U.S.C. §§ 1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 and 1332.

12. This Notice of Removal is being filed within 30 days after the basis for removal was asserted, and is therefore timely under 28 U.S.C. § 1446(b).

13. In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

WHEREFORE, Defendants respectfully request that this action be removed from the Hampden County Superior Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Attorney for Defendants Wal-Mart Stores East, LLP, WSE Management, LLC and Wal-Mart Associates, Inc.

 /s/ Michael C. Harrington
Michael C. Harrington (BBO #656144)
Jenna M. Goldman (BBO #684321)
FordHarrison LLP
185 Asylum Street, Suite 610
Hartford, CT 06103
(860) 740-1360
(860) 740-1394 (fax)
mharrington@fordharrison.com
jgoldman@fordharrison.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 81.1**

I hereby certify that the copies of records and proceedings in the state court are attached hereto as <u>Exhibit A</u> along with any docket entries in the state court.

                                              Attorney for Defendants Wal-Mart Stores East, LLP, WSE Management, LLC and Wal-Mart Associates, Inc.

                                              /s/ Michael C. Harrington
Michael C. Harrington (BBO #656144)
Jenna M. Goldman (BBO #684321)
FordHarrison LLP
185 Asylum Street, Suite 610
Hartford, CT 06103
(860) 740-1360
(860) 740-1394 (fax)
mharrington@fordharrison.com
jgoldman@fordharrison.com

**CERTIFICATE OF SERVICE**

   This is to certify that on this 29th day of April, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Michael R. Varraso, Esq.
Law Offices of Wyatt & Associates, PLLC
17 Elm Street, suite C211
Keene, NH 03431
mvarraso@wyattlegalservices.com
*Attorney for Plaintiff*

                  /s/ Michael C. Harrington
                  Michael C. Harrington

WSACTIVELLP:11390345.1